FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 SEP 22 PM 1: 36

U.S. DISTRICT COURT
N.D. OF ALABAMA

EXPRESS OIL CHANGE, INC.,         }
                                  }
    Plaintiff,                    }
                                  }
v.                                }   CASE NO. CV 95-B-1612-S
                                  }
UNITED STATES OF AMERICA,         }
                                  }
    Defendant.                    }

ENTERED

SEP 22 1997

MEMORANDUM OPINION

    Currently before the court is the motion of plaintiff Express Oil Change, Inc. for allowance of attorney's fees. Also before the court is the motion of defendant to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and the motion of plaintiff to strike defendant's motion to alter or amend judgment. Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that plaintiff's motion for attorney's fees is due to be denied. In addition, the court is of the opinion that defendant's motion to alter or amend is due to be denied, and plaintiff's motion to strike is due to be granted.

    On September 30, 1996, the court entered a Memorandum Opinion and Order in this case, in which it denied defendant's motion for summary judgment and granted plaintiff's motion for summary judgment. On October 15, 1996, plaintiff filed the motion for attorney's fees that is presently before the court. On October 25, 1996, defendant filed a motion for entry of final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

Defendant's motion was granted on November 4, 1996, in order to specify the amount of recovery owed to plaintiff as a result of the September 30, 1996 Order and Opinion. Thereafter, the defendant filed a motion to alter or amend judgment and plaintiff filed a motion to strike, both of which are presently before the court. Because the Memorandum Opinion entered September 30, 1996 contains a detailed review of the facts relevant to this dispute, the court will not reiterate those facts here, but will instead discuss only the merits of the motion for attorney's fees and the motion to alter or amend judgment.

## DISCUSSION

I. <u>Plaintiff's Motion for Attorney's Fees</u>

Plaintiff moves for an order allowing attorney's fees pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. The applicable statute for determining whether an award of attorney's fees may be granted in tax refund cases is 26 U.S.C. § 7430. This statute provides that the prevailing party in a court proceeding against the United States in connection with the refund of taxes may be awarded reasonable litigation costs, including attorney's fees, if the United States' position in the proceedings was not substantially justified. Therefore, plaintiff's motion for attorney's fees pursuant to 26 U.S.C. § 7430 turns on a determination of whether the United States' position in this suit was "substantially justified."

To qualify as a prevailing party in a suit for attorney's fees under 26 U.S.C. § 7430, the movant must show that the IRS's position was not "justified to a degree that could satisfy a reasonable person," *Cooper v. United States*, 60 F.3d. 1529, 1531 (1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (citation omitted), or had no "reasonable basis both in law and fact." *Id.*, (quoting *In re Rasbury*, 24 F.3d 159,168 (11th Cir. 1994)) (citation

2

omitted). In the opinion of this court, the position of the IRS in this case was justified to a degree that could satisfy a reasonable person and also had a reasonable basis both in law and fact.

The IRS concluded the salary reductions in this case constituted an assignment of income from the plaintiff to the defendant. In light of the plausibility of the government's assignment of income argument and the lack of definitive statutory direction and case law concerning *health insurance* benefits, the court is unwilling to hold that the IRS's position was not substantially justified. Therefore, plaintiff's motion for attorney's fees under 26 U.S.C. § 7430 is due to be denied.[1]

In the motion, plaintiff also claims $1,257.77 in costs which plaintiff states are "in addition to the costs awarded plaintiff" by the court's Order of September 30, 1996 granting plaintiff's motion for summary judgment. Because the court is unable to determine from plaintiff's submission whether these costs are reasonable, the request for additional costs is also denied.

II.     Defendant's Motion to Alter or Amend and Plaintiff's Motion to Strike

The defendant's motion to alter or amend is denied because it was not timely filed within ten days after this court's September 30, 1996 Order granting plaintiff's motion for summary judgment. According to Rule 59(e) of the Federal Rules of Civil Procedure, any motion to alter or amend a judgment must be filed no later than 10 days after entry of

---

[1] Because the court denies an award of attorney's fees, there is no need to address plaintiff's argument that the statutory rate of $75.00 per hour should be increased because of special factors.

judgment. Therefore, if the court's September 30, 1996 Order is the final judgment of the case, defendant's November 14, 1996 motion is not timely filed. On the other hand, if the court's final judgment in this case is the Order entered November 4, 1996, fixing the amount of plaintiff's recovery, then defendant's November 14, 1996, motion to alter or amend was timely filed. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, judgment, in the form of an Order and separate Memorandum Opinion, was entered in this case for the plaintiff and against the defendant on September 30, 1996.

The court's November 4, 1996 Order was entered pursuant to defendant's "Motion for Entry of Final Judgment," which was purportedly submitted "solely to correct a procedural defect" and not to make any substantive changes in the court's judgment. (Def's. Mot. for Entry of Final Judgment filed Oct. 26, 1996 at n.2). The judgment entered by the court on November 4, 1996 is more akin to an order pursuant to Rule 60(a) than Rule 58 of the Federal Rules of Civil Procedure. However, defendant's motion for final judgment, which was granted, specifies that defendant was moving pursuant to Rule 58 rather than Rule 60. This complicates matters somewhat.

The Advisory Committee Notes to Rule 58 explain that confusion has persisted as to whether a court's grant of summary judgment is a final order or whether there must also be a separate document to represent the final judgment of the court. FED. R. CIV. P. 58 Advisory Committee's Notes (1963 Amendment). The notes explain that: "The amended rule (58) eliminates these uncertainties by requiring that there be a judgment set out on a separate document - distinct from any opinion or memorandum - which provides the basis for the entry of judgment." *Id.* A document, separate from the memorandum opinion issued in this case,

in the form of an Order, was entered by this court on September 30, 1996 in compliance with Rule 58. *See generally, United States v. Clearfield State Bank,* 497 F.2d 356, 358-59 (10th Cir. 1974)( holding that Rule 58 applies where it is uncertain whether a final judgment has been entered, as where a trial judge writes an opinion or memorandum providing only the basis for the entry of judgment, but containing apparently directive or dispositive words such as "defendant's motion for summary judgment is granted," and that in such a situation, a judgment must be set out on a document separate from the opinion or memorandum.) Therefore, the court's November 4, 1996 Judgment was not the final judgment in this case and the ten-day limit as set out in Rule 59(e) of the Federal Rules of Civil Procedure was not tolled so as to give the defendant until November 14, 1996 to file its motion to alter or amend.

Even assuming the motion to alter or amend was timely filed, it would be denied on the merits. Defendant's brief in support of its motion is a recapitulation of its earlier arguments concerning constructive receipt of wages, assignment of income, and I.R.C. § 125 (West Supp. 1997) involving cafeteria plans. No new legal or factual contentions have been made. The court considered and rejected these same arguments at the time it initially granted plaintiff's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that the motion for attorney's fees filed by the plaintiff is due to be denied. The motion of the defendant to alter or amend judgment is due to be denied. The motion of plaintiff to strike the defendant's motion to alter or amend is due to be granted.

**DONE** this 22- day of September, 1997.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge